UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH ZOREK, | : | Civil No. 1:13-cv-1949 |
| Plaintiff, | : | |
| | : | (Judge Jones) |
| v. | : | (Magistrate Judge Arbuckle) |
| | : | |
| CVS CAREMARK CORP., et-al | : | |
| Defendants, | : | |

**MEMORANDUM OPINION ON DISCOVERY ISSUES**

Discharged employee sued corporate employer alleging discrimination, retaliation, and wrongful discharge in violation of federal and state law.  Discovery issues arose concerning use and access to confidential information and the effect of disclosing privileged information in response to requests for document production.  Pursuant to a Discovery Order,[1] the parties submitted proposed stipulated orders regarding disclosure of confidential information and non-waiver of attorney-client privilege and work product protection.  The parties were informed one of the two proposals would most likely be selected and entered as a protective order.[2]

The primary difference between the two proposed orders concerns the applicability of conditions set forth in FRE 502(b) governing the effect of

---

[1] Doc. 63 (June 23, 2014)
[2] *See* Fed. R. Evid. 502(d) (authorizing court to enter order governing effect of disclosure of privileged information)

disclosing privileged information. Plaintiff's proposal would implement the Rule 502(b) clawback provisions while Defendant's proposal expressly rejects those provisions. Plaintiff's proposed order is preferable because: (i) it is in accord with the default provisions of Rule 502(b); and, (ii) it provides appropriate incentives for both parties to comply with discovery requests in a fair and efficient manner. Accordingly, Plaintiff's proposed Stipulated Protected Order will be adopted.[3] A brief discussion of my reasoning follows.

**I. Confidentiality Provisions**

There is no substantive difference between the parties regarding use and access to confidential information. For ease of reference, the confidentiality provisions of each proposal are cited below.

1. Confidential information defined.[4]
2. Scope of the proposed order, use of confidential information, and persons entitled to access.[5] Note that the use of confidential information by "other witnesses,"[6] is expressly subject to the provisions of the Discovery Order[7] dated June 23, 2014.

---

[3] Several non-substantive corrections were made to Plaintiff's original proposed order.
[4] Pl. Proposal [hereinafter Pl.] para. 2; Def. Proposal [hereinafter Def.] at 5
[5] Pl. para. 1, 3,4; Def. at 5
[6] *See* Pl. para. 4(E)
[7] Doc. 63, para. 5 (imposing limitations on means by which remote prospective witnesses may be given access to confidential documents)

3. Return or destruction of confidential documents upon final disposition of the case.[8]

4. Right of party to object to admissibility of evidence not affected by the order.[9]

5. Disputes re confidentiality.[10]

6. Maintaining confidentiality.[11]

## II. Waiver of Attorney-Client Privilege and Work Product Protection

### A. Plaintiff's Proposed Non-Waiver Provisions

Plaintiff proposes adopting (i) the non-waiver provisions set forth in FRE 502(b), and (ii) the procedures set forth in FRCP 26(b)(5)(B).[12] Rule 502(b) provides that production of privileged or protected information in response to a discovery request does not operate as a waiver of attorney-client privilege or work product protection if (1) the disclosure is inadvertent, (2) the holder of the privilege (i.e. the producing party) took reasonable steps to prevent disclosure, and (3) the holder promptly took reasonable steps to rectify the error.  In the event privileged

---

[8] Pl. para. 5; Def. at 6
[9] Pl. para. 9; Def. at 6
[10] Pl. para. 12; Def. at 6
[11] Pl. para. 3; Def. at 7
[12] Pl. para. 7, 8

information is produced in discovery, the producing party must follow the steps outlined in FRCP 26(b)(5)(B).[13]

Under FRCP 26(b)(5)(B), the disclosing party first notifies the receiving party of the claim of privilege and the basis for that claim.  Upon notice, the receiving party is obliged to return or destroy the information and take reasonable steps to retrieve any such information that has been disclosed to others.  The receiving party may, however, promptly present the information to the court under seal for a determination of the claim of privilege and the issue of waiver.  Until the claim is resolved, the producing party must preserve the information and the receiving party is not permitted to use the information.

### B. Defendant's Proposed Non-Waiver Provisions

Defendant expressly rejects the clawback provisions set forth in FRE 502(b).[14]  Instead, Defendant proposes an order pursuant to FRE 502(d) and (e) whereby disclosure of privileged information does not operate as a waiver irrespective of the degree of care taken by the producing party in either preventing or rectifying disclosure.  Instead, the producing party need only follow certain provisions in order to clawback privileged information.  Those provisions do not

---

[13] Pl. para. 7.
[14] Def. at 2.

require that the producing party engage in any pre- or post-production privilege review, and further impose upon the receiving party certain affirmative obligations.

In particular, if the producing party discovers it has disclosed privileged information, it must promptly notify the receiving party of the basis for the claim of privilege.[15]  The receiving party is then obliged to return or destroy the information, and take reasonable steps to retrieve any such information disclosed. While the receiving party may contest the claim of privilege by submitting the issue to the court, a failure to do so within thirty days of the notice forfeits the objection and the information is deemed protected.  Significantly, upon application to the court, the ruling on waiver shall not take in account whether the disclosure was inadvertent nor depend upon the degree of care exercised by the producing party. Finally, Defendant's proposal requires the receiving party to provide notice to the producing party if it learns by "any means," or in good faith believes, that it has received privileged information. The producing party then proceeds as above.

### III. Discussion

The proposed confidentiality provisions are substantively identical. Accordingly, the choice among the competing proposals turns on the differences in

---

[15] *Id.* at 2-3.

the proposed clawback provisions. Plaintiff's proposal is superior for reasons of policy and fairness.

As an initial matter, FRE 502(b) is a default rule that applies in the absence of a court order or stipulation to the contrary. Here, Defendant wishes to depart from Rule 502(b) while Plaintiff does not. Accordingly, there is no basis for implementing Defendant's proposal under Rule 502(e).[16] Under Rule 502(d), however, the court has discretion, even absent an agreement between the parties, to enter an appropriate order governing non-waiver of privileged information. As discussed below, this case does not implicate the type of concerns that call for overriding the default provisions of Rule 502(b).

Rule 502(b) is premised on a reasonableness standard: a party who takes reasonable precautions to protect against inadvertent disclosure of privileged information is protected against waiver. Factors bearing on reasonableness include, *inter alia*, the precautions taken, the scope of discovery, the number of documents reviewed, and time constraints for production.[17] Rule 502(d), which allows parties to deviate from the forgoing standard, is premised on efficiency. As the Advisory Committee explains, allowing for non-waiver of privilege regardless of the degree of care exercised by the producing party can avoid potentially large

---

[16] Fed. R. Evid. 502(e) (allowing parties to enter agreement on effect of disclosure of privileged information).
[17] *See* Fed. R. Evid. 502(b), Advisory Committee Notes.

costs of pre-production review.[18] This is particularly true, for example, in litigation involving ESI and large amounts of documents. Where large amounts of data or documents are responsive but only a few of which may turn out to be useful, it is less costly in terms of time and labor to conduct privilege review after the relevant documents have been identified.

In this case, large amounts of documents are not involved. As Plaintiff points out, "the number[] of documents produced by [Defendant] will be measured in the thousands of pages, not in terabytes of data."[19] Hence, the efficiency rationale of forgoing pre-production review does not apply. And to the extent that Defendant's proposed clawback provision would shift the burden of privilege review to the receiving party, inefficiency would result since presumably the producing party is better positioned to identify which documents are privileged. For similar reasons, under Defendant's proposal, needless uncertainty would obtain: the receiving party could never be sure which documents might be later subject to a claim of privilege.

There are also incentive reasons to reject Defendant's proposed clawback provision. Without the reasonableness requirements imposed by Rule 502(b), the producing party lacks the motivation to engage in pre-production review. Because

---

[18] *Id.*
[19] Doc. 60 at 7

there are no consequences of disclosing privileged information, the producing party, even acting in good faith, has a monetary incentive to flood the requesting party with a large number of documents that might potentially be responsive rather than take the time to respond appropriately to the production request.

The reasonableness provisions of Rule 502(b) has the additional benefit of better aligning the interests of counsel and party.  Under the Model Rules of Professional Conduct, counsel owes the client a duty of confidentiality and has an obligation to assert attorney-client privilege on the client's behalf.[20]  Where large amounts of documents – and hence large cost savings – are not involved, there is no reason to deviate from these ethical obligations.  Rule 502(b) thus provides appropriate incentives for counsel to preserve the confidences of the client rather than delegate this duty to the adversary.

For the forgoing reasons, Plaintiff's proposal as modified will be adopted and entered as the Protective Order Regarding Confidentiality and Non-Waiver of Attorney-Client Privilege.

An appropriate order will follow.

---

[20] *See, e.g.*, Rule 1.6(c) (requiring attorney to "make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information relating to the representation of a client."); Rule 1.6 cmt. 15 ("Absent informed consent of the client to do otherwise, the lawyer should assert on behalf of the client all nonfrivolous claims . . . that the information sought is protected against disclosure by the attorney-client privilege or other applicable law.").