# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH ZOREK, | : | Civil No. 1:13-cv-1949 |
| Plaintiff, | : | |
| | : | (Judge Jones) |
| v. | : | (Magistrate Judge Arbuckle) |
| | : | |
| CVS CAREMARK CORP., et-al | : | |
| Defendants, | : | |
| | : | |

## PROTECTIVE ORDER REGARDING CONFIDENTIALITY AND NON-WAIVER OF ATTORNEY-CLIENT PRIVILEGE

Plaintiff Joseph Zorek ("Plaintiff") and Defendants CVS Pharmacy Inc., et al. ("Defendants"), by their respective counsel, agree to and request entry of the following protective order.

**IT IS HEREBY ORDERED THAT:**

**1.** This Protective Order Regarding Confidential Information and Inadvertently Disclosed Documents ("Order") shall govern a party's use and disclosure of all confidential information, as defined below, obtained from another party, in any formal discovery activity or proceeding during the course of the above-captioned case, No. 1:13-cv-01949-JEJ. Such information shall be used by the party receiving it from the other party only for the purpose of preparing for and conducting the case styled Zorek v. CVS Pharmacy, Inc., et al., U.S. District Court

for the Middle District of Pennsylvania, Case No. 1:13-cv-01949-JEJ, and any further proceedings in this case, including any and all appeals, and for no other proceeding, litigation, matter, personnel action, or any other purpose.

    **2.** CONFIDENTIALITY.  As used herein, the term "Confidential Information" shall refer to all documents produced by a party in this litigation that may be designated by that party as "Confidential," including all copies thereof, reference thereto in deposition testimony or otherwise, information contained therein, and any extracts, charts, summaries or notes made therefrom. Documents that may be designated by a party as "Confidential" shall not include publicly-available information, and shall be limited, at this point, to:

    (A) Documents related to plaintiff's medical condition(s), including all records from medical providers and insurers and other documents containing related medical information;

    (B) Documents related to plaintiff's income, financial status, financial records, and personnel records, including all tax returns, salary records, retirement and investment account(s), and related financial information;

    (C) Documents related to defendants' financial information;

    (D) Documents related to internal information concerning CVS's confidential personnel, payroll and benefit information concerning CVS's employees; and

    (E) Documents related to CVS's internal policies, practices, or procedures.

By stipulating to the confidentiality of the categories of documents listed above, the parties do not concede that such documents are discoverable, relevant, material, or admissible at trial. The parties also agree that the categories of documents listed above may not constitute an exhaustive list of requested documents in which either party may have a legitimate interest in confidentiality. If either party desires to designate additional categories of documents to be covered by this Order, then the parties shall negotiate in good faith in an attempt to resolve whether such documents should be treated as confidential under this Order. Nothing in this paragraph prohibits the parties from jointly filing a stipulation with the Court that identifies additional categories of documents to be covered by this Order.

    **3.**    The parties shall use confidential documents or information obtained solely from confidential documents only as described below:

    (A) The parties shall use the "confidential documents" or "confidential information" only for purposes of this particular case, 1:13-cv-01949-JEJ, and any further proceedings in this case, including any and all appeals, and including any administrative or arbitration proceedings or processes related to plaintiff's employment, and not for any other purpose or in any other case.

    (B) The parties shall not disclose "confidential documents" or "confidential information" to any person other than those persons designated as persons entitled to have access to such "confidential documents" and "confidential information," pursuant to paragraph 4 below.

(C) To the extent that any party shall need to use any "confidential document" or "confidential information" to question a witness in the course of a deposition taken in this case, No. 1:13-cv-01949-JEJ, the "confidential document" or "confidential information," and portion of the transcript of the deposition that refers to such "confidential document" or "confidential information" shall be maintained as subject to this protective order.

(D) To the extent that any party refers to a "confidential document" or "confidential information" in a pleading filed with the Court, that pleading, or portion of the pleading which contains the "confidential information" or attaches the "confidential documents," shall be filed under seal with the Court.

4. The persons described below shall be entitled to have access to "confidential documents" and "confidential information":

(A) The parties and their counsel and counsel's office personnel;

(B) The Court, and all court personnel who have need to read, review, or file "confidential documents" or "confidential information";

(C) All experts retained by the parties to testify in this action, Case No. 1:13-cv-01949-JEJ, or to assist the parties in their litigation of this action;

(D) Any other deponents and witnesses who are testifying through a deposition, during a hearing or at trial in this matter;

(E) Any other witness, on the condition that the witness be allowed only to view, but not otherwise retain or download, the "confidential document"

or "confidential information," and that the witness is given a copy of this Order and agrees in writing to be bound by it;[1] and

(F) Any person who authored or received a copy of the document outside of this litigation.

5. Within forty-five (45) days after entry of an order, judgment, or decree finally terminating this Case No. 1:13-cv-01949-JEJ (including any and all appeals), each person to whom "confidential documents" or "confidential information" has been disclosed hereunder shall return all such "confidential documents" and "confidential information," including all copies of such material, to the party which has produced the "confidential documents."

6. NON-WAIVER OF ATTORNEY CLIENT PRIVILEGE. The production of privileged documents or discovery information by one party does not operate to waive the attorney-client privilege or the protections of the attorney work product doctrine or the joint defense privilege of any other party, provided that the producing party complied with Rule 502(b), Fed. R. Evid.

7. Pursuant to Rule 26(b)(5)(B), Fed. R. Civ. P., if information produced in discovery is subject to a claim of privilege or of protection as trial-preparation

---

[1] This provision in no way alters and is expressly subject to the restrictions imposed by Discovery Order dated June 23, 2014. See Doc. 63 para. 5 ("Regarding the request by Plaintiff to provide confidential discovery documents directly to remote prospective witnesses in advance of their interviews if the potential witness signs a confidentiality agreement, that request is denied. Plaintiff [is] advised to utilize a procedure . . . that would permit the lawyer to show the document to the witness without the witness being able to obtain or retain a copy. In the unlikely event that a particular witness was unable to conduct an interview in this fashion counsel for the parties will confer and seek an alternative arrangment.").

material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

      **8.** Pursuant to Rule 502(b), Fed. R. Evid., an inadvertent disclosure does not operate as a waiver if all three conditions are satisfied: (1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

      **9.** Neither this Order nor production of information or documents in discovery in this case, Case No. 1:13-cv-01949-JEJ, shall in any way constitute a waiver of the right of any party to object to the admissibility or use of such information and documents at the hearing in this case, Case No.1:13-cv-01949-JEJ, or in other proceedings, and the parties reserve all rights to object.

**10.** This Order shall remain in full force and effect unless and until (and to the extent not) modified, superseded, or terminated by consent of the parties or by order of the Court. forgoing

**11.** Any party may move to modify this Order for good cause shown.

**12.** Nothing in this Order shall prevent a party, in appropriate circumstances, from seeking a court order to remove documents marked as "Confidential" from the protection of this Order, or seeking a court order to contest the designation of documents or information as "Confidential." Further, this Order may be amended without leave of the Court by agreement of the parties in the form of a Stipulation filed with the Court.

**SO ORDERED.**

                                              *s/William I. Arbuckle, III*
                                              William I. Arbuckle, III
                                              United States Magistrate Judge

Dated: September 11, 2014